**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Qian Wu

                      Plaintiff,

v.

                                              Case No.:
                                              1:26−cv−01621

                                              Honorable Lindsay C.
                                              Jenkins

The Partnerships and Unincorporated Associations
Identified on Schedule "A"

                      Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, February 13, 2026:

      MINUTE entry before the Honorable Lindsay C. Jenkins: The motion for an ex parte temporary restraining order [4] is denied without prejudice to renewal. The memorandum submitted does not address the court's personal jurisdiction over any Defendant and the court has its doubts about whether Plaintiff can establish jurisdiction at the time. *Rubik's Brand, Ltd. v. The Partnerships,* 2021 WL 825668, at \*4 (N.D. Ill. Mar. 4, 2021) (no personal jurisdiction over a defendant where only connection to the forum was operating an online marketplace that had "the possibility" of shipping to Illinois). Second, temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The party seeking such relief must show: (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the court denies relief. GEFT Outdoors, LLC v. City of Westfield, 922 F.3d 357, 364 (7th Cir. 2019). If each of those factors is met, the court, employing a sliding scale approach, first weighs the harm the plaintiff will suffer absent an injunction against the harm to Defendants from an injunction, and next considers whether an injunction is in the public interest. Here, Plaintiff's memorandum in support of a TRO does not specifically address any of the nearly 200 Defendants named in this lawsuit. The closest the motion comes is by stating that two side by side images "clearly demonstrates the similarities between Defendants' products and the patented design" and that the sample pictures are "representative of all of the accused products." [Dkt. 4−1 at 6.] This generic argument won't do, and the court has no way of verifying whether all of the named Defendants, in fact, offer the same or similar produce for sale on their websites. "[G]eneric facts alleged in Schedule A cases cannot satisfy Rule 65(b)." *Eicher v. The Partnerships,* 2025 WL 2299593, at \*9 (N.D. Ill. Aug. 8, 2025). It is "all but impossible for the Court to discern the likelihood of success from the one−sided evidence provided" and "it is nearly impossible to resolve whether defendant [is] engaged in [unlawful conduct] on such a sparse record," particularly absent adversarial briefing. Because generic facts cannot satisfy Rule 65(b), by extension, Schedule A plaintiffs should not be entitled to a presumption of irreparable harm. Even assuming that the

likelihood of success and irreparable harm, the court is not persuaded that the Schedule A mechanism satisfies the balance of interests inquiry, or even that the court can properly weigh the interests at stake without any Defendants' presence in the case. Nor will the public interest be served by an ex parte ruling. Should Plaintiff renew its request for injunctive relief, the court will review that request with these considerations in mind. Any request for a prejudgment asset restraint, however, is not well taken because such restraints are not to be used to secure assets for collection. Disgorgement is an equitable remedy the court can impose where the defendant "actually holds property or proceeds that belong to the plaintiff which can be returned to the plaintiff." See Cont'l Vineyard LLC v. Dzierzawski, 2018 WL 11195945, at *1 (N.D. Ill. Apr. 5, 2018). Even in the typical disgorgement of profits scenario, courts are not obligated to impose a prejudgment asset restraint. The decision to do so is discretionary. See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) ("[W]here a plaintiff seeks an equitable remedy like disgorgement, an asset freeze may be appropriate.") Here, the court declines to exercise its discretion in the broad manner requested, particularly considering that imposing a prejudgment asset restraint is likely to encompasses legitimate assets. An asset restraint is not necessary to conduct an accounting; discovery and records of sales can provide any accounting plaintiff may be entitled to. Schedule A plaintiffs rarely pursue an actual accounting as a remedy and rarely justify requests for statutory damages by reference to actual sales figures, lost profits, or the like. Instead, counsel typically ask for statutory damages based on notions of deterrence without case–specific factual support justifying the number. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.